Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was a proceeding by motion against Hamblin, sheriff of Madison county, and the sureties upon his official bond, to enforce the payment of the fine affixed by statute as a penalty upon any sheriff making a false return upon any execution, &c. H. & H. 297, sec. 27. The alleged false return consisted in the sheriff’s not returning as levied upon by him by virtue of a certain ataehment, a quantity of ginned cotton, estimated to amount to six bales. The proof as to the levy upon this cotton consisted of the evidence of one of the witnesses, in whose presence the attachment was executed, who testified that the deputy *248 sheriff, while executing the attachment, called his attention to some ginned cotton in the pick-room of the gin of the defendant in the attachment, inquired its probable quantity, received a reply, and then made a note upon paper in his hand, and that this cotton was afterwards removed by another deputy of said sheriff, and sold as perishable property; and further, it consisted of the contents of a certain handbill, to which the sheriff was a subscriber, in which there was an acknowledgment that the cotton was levied upon under the attachment. On the other hand, receipts of the plaintiff in attachment for money received on account of sales of the property levied on by virtue of the attachment, were introduced in evidence. The bill of exceptions sets out that' these receipts were given “ for a part of the proceeds of the sales of the perishable property which had been levied on.”
There are but two points in this case. First, whether the fact of a false return has been established by the plaintiff; and secondly, whether the plaintiff has by any act precluded himself from the benefit of the proceeding by motion. Upon the first point there can be no doubt. The evidence of the witness at the execution of the attachment, shows, and it is corroborated by the admission of the sheriff in the handbill, that the deputy sheriff executed the attachment upon the six bales of ginned cotton. No such return is made upon the writ of attachment. Although it be true that the plaintiff in the attachment received from time to time payments on account of sales of perishable property levied upon by virtue of the attachment, it is not shown that these payments were proceeds of sales of the ginned cotton in question. If this had been established, it might perhaps have availed the sheriff in defence. But the return shows other perishable property, from the sale of which those payments might have been made; and it is not clear, from the admission of the sheriff in the handbill, that any proceeds were obtained from the sale of the ginned cotton, but rather the contrary. Besides, the receipt of the plaintiff in attachment upon the general account of the amount levied for a part thereof, does not preclude him from pursuing the sheriff for a false return in *249 the execution of that attachment. It is very probable that if it were shown that he had received the proceeds of the sales of the property claimed to have been levied upon, but which were not returned, the case would be of a different consideration. It follows, hence, that the instructions given by the circuit court on the behalf of the sheriff, were not warranted by the evidence; and the extent of the propriety of those claimed by the plaintiff in the attachment, can readily be judged of from the foregoing opinion.
The judgment must be reversed, and the cause remanded for further proceedings.